UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEONARD JOHNSON,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-13242** |
| **HARRAH'S CASINO,**<br>    **Defendants** | **SECTION: "E"** |

## ORDER AND REASONS

Before the Court is a motion for summary judgment filed by Defendant, Harrah's New Orleans Casino.[1] Plaintiff did not file an opposition to the motion for summary judgment. For the following reasons, the Court's ruling on the motion is **DEFERRED**.

On July 26, 2016, Plaintiff Leonard Johnson filed a complaint against Harrah's Casino.[2] Plaintiff alleges he was a patron of the land-based casino in New Orleans, Louisiana on August 21, 2015 and upon leaving the casino, he was followed by a man.[3] Plaintiff avers he made repeated requests for the man to stop following him.[4] Plaintiff alleges he walked back into the casino and thereafter was struck by the man who was following him.[5] According to the Plaintiff, he broke his ankle, sustained a head injury, and lost consciousness as a result of being hit.[6] Plaintiff alleges the casino failed to provide adequate security and failed to timely respond to the alleged battery.[7]

On December 22, 2016, Defendant filed a motion for summary judgment seeking to dismiss Plaintiff's claims because Plaintiff incorrectly sued "Harrah's Casino," which is actually named "Harrah's New Orleans Casino" and Harrah's New Orleans Casino is a

---

[1] R. Doc. 12.
[2] R. Doc. 1. Leonard Johnson is a pro se plaintiff.
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*

1

trade name incapable of being sued under Louisiana law.[8] Plaintiff did not file an opposition to the motion.

The Defendant is correct that under Louisiana law, a trade name is not an entity capable of being sued.[9] Article 736 of the Louisiana Code of Civil Procedure provides that "[a] person who does business under a trade name is the proper defendant in an action to enforce an obligation created by or arising out of the doing of such business."[10] The official revision comment states "It has been held that a suit brought against the owner only in the trade name used was sufficient to justify rendition of judgment against the owner."[11] In Louisiana, a trade name has no separate existence apart from the individual doing business under that trade name.[12]

The Court notes, however, that motions seeking dismissal of a plaintiff's claims because the plaintiff named the incorrect defendant are ordinarily brought as a motion to dismiss under Rule 12.[13]

It is well established that "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers."[14] Considering Johnson's pro se status and the deficiencies of his complaint, the Court finds it appropriate to allow Johnson the opportunity to amend his complaint to name the proper defendant. The Court finds that granting Johnson leave to amend will not cause Defendant any prejudice, as it was aware of the filing of this suit even though the incorrect entity was named. Pursuant to Federal

---

[8] R. Doc. 12.
[9] *Louisiana Acorn Fair Hous. v. Quarter House*, 952 F. Supp. 352, 355 (E.D. La. 1997) (citing *Guidry v. City of Houma*, 471 So. 2d 1056, 1058 (La. Ct. App. 1 Cir.1985)).
[10] LA. CODE CIV. PROC. art. 736.
[11] *Id.* (Official Revision Comment) (citing *Rea v. Dow Motor Co.*, 36 So.2d 750, 755–56 (La. Ct. App. 2 Cir. 1948).
[12] *Quarter House*, 952 F. Supp. at 355.
[13] *See, e.g.*, *D'Aquin v. Starwood*, No. 16-12798, 2016 WL 6436561 (E.D. La. Oct. 31, 2016); *Louisiana Acorn Fair Hous. v. Quarter House*, 952 F. Supp. 352, 355 (E.D. La. Jan. 9, 1997).
[14] *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981); *see also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

Rule of Civil Procedure 15(a), which provides that the Court should freely grant leave to amend "when justice so requires," the Court finds that justice requires that Johnson be allowed to amend his complaint and name the proper defendant(s).

Accordingly;

## CONCLUSION

**IT IS ORDERED** that the Plaintiff by **February 1, 2017** amend his complaint to name the proper defendant.

**IT IS FURTHER ORDERED** that the Court's ruling on Defendant's motion for summary judgment[15] is **DEFERRED.**

**New Orleans, Louisiana, this 12th day of January, 2017.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[15] R. Doc. 12.